UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UT VAN NGUYEN,<br><br>                    Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of Department of Homeland Security; PAMELA JO BONDI, Attorney General; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; JESUS ROCHA, Acting Field Office Director of San Diego Field Office; CHRISTOPHER J. LAROSE, Warden of Otay Mesa Detention Center,<br><br>                    Respondents. | Case No.: 25cv3032-LL-MMP<br><br>**ORDER SCREENING PETITION, APPOINTING COUNSEL, SETTING BRIEFING SCHEDULE, AND ISSUING A LIMITED INJUNCTION**<br><br>[ECF Nos. 1–3] |

Pending before the Court is Petitioner Ut Van Nguyen's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, Motion for Appointed Counsel, and Motion for Temporary Restraining Order. ECF Nos. 1–3. For the reasons below, the Court finds a cognizable claim after screening, **GRANTS** the Motion for Appointed Counsel [ECF No. 2], sets briefing deadlines for the Petition and Motion for TRO [ECF Nos. 1, 3], and issues a limited injunction.

## I. BACKGROUND

Petitioner is a citizen of Vietnam who came to America with his family in 1984. ECF No. 1 ("Pet.") at 3. They soon obtained green cards. *Id*. After committing a robbery, Petitioner was ordered removed to Vietnam in 2000. *Id*. When Vietnam failed to issue him a travel document, he was released on supervision in the early 2000s. *Id*. He violated this supervision by committing several misdemeanor crimes, often going to jail and then into ICE custody for several months, but eventually released back on supervision. *Id*.

In February 2025, Petitioner was arrested on a probation violation warrant and then went into ICE custody, where he has been detained for the past eight months and counting. *Id*. With no clear end in sight, an ICE officer allegedly told him that he "would have to file a habeas to get out." *See* ECF No. 1-2 ("Nguyen Decl.") ¶ 7.

Therefore, on November 7, 2025, Petitioner sought his release though a writ of habeas corpus on three grounds: (1) that his detention is unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and 8 U.S.C. § 1231; (2) that he was denied an explanation, interview, and chance to respond when he was re-detained, violating ICE's rules and his constitutional due process rights; and (3) that ICE may seek to remove him to a third country without notice and an opportunity to be heard. Pet. at 11–22.

## II. SCREENING PETITION

Courts must screen habeas petitions and dismiss them "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4; *id*., Rule 1(b) (permitting use of Rules Governing Section 2254 Cases to any "habeas corpus petition"). To survive screening, a petitioner need only make out a claim that is sufficiently "cognizable" to warrant a return or answer from the government. *See Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024). Indeed, "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal under Rule 4." *Id*.

Here, based on the alleged background and supporting declaration, the Court finds that Petitioner has adequately stated a claim that is cognizable enough to warrant an answer.

*See Zadvydas*, 533 U.S. at 690 (holding that any interpretation of the relevant detention statute—8 U.S.C. § 1231—that would permit "indefinite detention of an alien would raise a serious constitutional problem").

### III. MOTION FOR APPOINTED COUNSEL

Petitioner moves for appointed counsel under 18 U.S.C. § 3006A(a)(2)(B), which allows courts to provide counsel for financially eligible persons seeking habeas relief under § 2241 when the interests of justice so require. When deciding this issue, "the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Here, Petitioner swears that he doesn't have savings and can't afford an attorney and doesn't know anything about immigration law or have legal training. Nguyen Decl. ¶ 10. Federal Defenders of San Diego, Inc. assisted Petitioner with the matters before the Court and is ready and able to represent him. *Id*. ¶ n.1. The Court therefore finds it appropriate to appoint counsel under 18 U.S.C. § 3006A(a)(2)(B).

### IV. CONCLUSION AND BRIEFING SCHEDULE

Accordingly, the Court **ORDERS** the following:

(1) Federal Defenders of San Diego, Inc. shall represent Petitioner.

(2) By **November 24, 2025**, Respondents shall file any response to the Petition and Motion for TRO. By **December 1, 2025**, Petitioner may file a reply. Following briefing, the Court will set a hearing or take the matter under submission per Local Civil Rule 7.1.

(3) Respondents, their agents, employees, successors, attorneys, and all persons acting in active concert or participation with them are hereby **ENJOINED** from removing Petitioner from the United States or this district pending further order of the Court, to maintain the status quo and allow the Court to provide a reasoned decision. *See* 28 U.S.C. § 1651(a) ("[A]ll courts established by an Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."); *E-C-R- v. Noem*, No. 25-cv-1230-SI, 2025 WL 2300543, at *1 n.1 (D. Or. July

16, 2025) ("Courts around the country exercise their authority under the All Writs Act to maintain their jurisdiction over pending immigration matters by preserving the status quo." (collecting cases)).

    (4) The Clerk shall transmit this Order, the Petition [ECF No. 1], and the Motion for TRO [ECF No. 3] to the U.S. Attorney's Office for the Southern District of California.

    **IT IS SO ORDERED.**

Dated:  November 14, 2025

                                        Honorable Linda Lopez
                                        United States District Judge