UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UT VAN NGUYEN,<br><br>                Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>                Respondents. | Case No.: 25cv3032-LL-MMP<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**<br><br>**[ECF No. 1]** |

Pending before the Court is Petitioner Ut Van Nguyen's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 1. The matter is fully briefed, and the Court deems it suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1. For the reasons below, the Court **GRANTS** the Petition for Writ of Habeas Corpus, **DENIES AS MOOT** the Motion for Temporary Restraining Order, and **ORDERS** Petitioner's immediate release from custody.

I.      BACKGROUND

Petitioner was born in Vietnam and came to the United States as a refugee with his family in 1984. ECF No. 1 ("Pet.") at 5. He was ten years old. *Id*. They soon obtained green cards. *Id.* In 1997, he was convicted of robbery. ECF No. 7-1. He was ordered removed by an immigration judge, spending several months in detention while ICE attempted to remove him. Pet. at 5. When Vietnam failed to issue him a travel document, he was released

on supervision in 2000. *Id*. Perhaps due to some mental illness, he was arrested numerous times over the last 25 years: going to jail, then into ICE custody, and eventually released back on supervision. *Id*.

On February 25, 2025, ICE re-detained him, where he has remained in detention for the past nine-and-a-half months. *Id*. Petitioner swears that ICE did so without offering "any details [as to] why" his "supervision was being revoked" or the like. ECF No. 1-2 ("Nguyen Decl.") ¶¶ 5–7. These failings, Petitioner argues, violated ICE's own regulations:

> The Service may revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future. . . . Upon revocation, the alien will be notified of the reasons for revocation of his or her release. The Service will conduct an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification.

*See* 8 C.F.R. §§ 241.13(i)(2)–(3), 241.4(l).

Therefore, on November 7, 2025, Petitioner sought his release though a writ of habeas corpus on three grounds: (1) that his detention is unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and 8 U.S.C. § 1231; (2) that he was denied an explanation, interview, and chance to respond when he was re-detained, violating ICE's rules and his constitutional due process rights; and (3) that ICE may seek to remove him to a third country without notice and an opportunity to be heard. Pet. at 11–22. Petitioner moved for appointed counsel and a temporary restraining order as well. ECF Nos. 2, 3. The Court has since granted in part his requests, appointing Federal Defenders of San Diego, Inc. to represent him and enjoining the Government from removing him to a third country. ECF No. 4. Finding the second claim (due process) to be dispositive, the Court declines to rule on claims one (*Zadvydas*) and three (removal to a third country).

II.     **DISCUSSION**

    **A.**     **Jurisdiction**

Courts have long had jurisdiction to issue writs of habeas corpus to petitioners held

in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C § 2241(c)(3). In doing so, we carry out the "historic purpose of the writ," namely "to relieve detention by executive authorities without judicial trial." *Zadvydas*, 533 U.S. at 699. Had Petitioner sought to challenge the Government's decision to execute his removal order, it would bar this Court's review. *See Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018) (applying 8 U.S.C. § 1252(g)'s "jurisdiction-stripping power to actions challenging the Attorney General's discretionary decisions to initiate proceedings, adjudicate cases, and execute removal orders"). But Petitioner only contests his detention resulting from violations of the Government's mandatory duties under certain statutes, regulations, and the Constitution, so the Court has jurisdiction to determine the lawfulness of his detention. *See Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020) (rejecting the government's "implausible" suggestion that § 1252(g) covers all claims arising from deportation proceedings); *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017) ("[T]he government's discretion to incarcerate noncitizens is always constrained by the requirements of due process.").

### B.   Due Process

The Cout finds that the Government has violated its own regulations under § 241.13(i) and § 241.4(l). First, ICE must determine that the detainee is significantly likely to be removed in the reasonably foreseeable future "on account of changed circumstances." § 241.13(i)(2). The Government asserts that it has assessed that changed circumstances will result in Petitioner's removal to Vietnam in the reasonably foreseeable future. "While that may [perhaps] be the case now, § 241.13(i)(2) requires that this determination is made before the removable alien has had his release revoked." *Tran v. Noem*, No. 25-cv-2391-BTM-BLM, 2025 WL 3005347, at *2 (S.D. Cal. Oct. 27, 2025). The record does not show that a changed-circumstances determination was made at or before Petitioner's re-detention on February 25, 2025. Even if ICE assessed the likelihood of Petitioner's removal before revoking his release, it would not have been "on account of" changed circumstances. The Government, in fact, did not even submit a request to Vietnam for travel documents until

September 11, 2025—more than six months after re-detaining him. With "no evidence of an actual determination of changed circumstances that justified the initial revocation of [Petitioner's] release," the Government has violated its own rule under § 241.13(i)(2). *See id.* (finding the same).

Second, an alien must "be notified of the reasons for revocation of his or her release" that are actually "stated in the notification." § 241.13(i)(3); *see Tran*, 2025 WL 3005347, at *3 (holding that this "notice must be in writing and contain all the reasons for the revocation of the alien's release"). The Government suggests that it need not have provided anything more than its DHS I-213 form. However, the Government is silent on whether it gave Petitioner a copy of this form at or reasonably close to his arrest. Also, the I-213 simply states that he was being re-detained. ECF No. 7-1. It "does not state that he was advised of the reasons supporting the revocation of release." *Tran*, 2025 WL 3005347, at *3. Because such a bare-bones explanation does not contain reasons for the revocation of Petitioner's release, it does not satisfy the "the due-process notification requirement of § 241.13(i)(3)." *See id.* (finding the same); *Lesic v. LaRose*, No. 25-cv-2746-LL-BJW, 2025 WL 3158675, at *3 (S.D. Cal. Nov. 12, 2025) (same).

Finally, after re-detaining an alien, ICE must "promptly" conduct "an initial informal interview" to "afford the alien an opportunity to respond to the reasons for revocation." § 241.13(i)(3). Once again, the Government is silent on whether it interviewed Petitioner shortly after his re-detainment. Meanwhile, Petitioner declares that the Government did not offer "any details [as to] why" his "supervision was being revoked," effectively stripping him of an opportunity to fight his re-detention. Nguyen Decl. ¶¶ 5–7. These failings, too, violated Petitioner's due process rights. *See Tran*, 2025 WL 3005347, at *3 (finding the same); *see also Grannis v. Ordean*, 234 U.S. 385, 394 (1914) ("The fundamental requisite of due process of law is the opportunity to be heard.").

The Government does not dispute that it has failed to follow its own rules for re-detainment, instead arguing that "[e]ven assuming the agency's compliance with the relevant regulations fell short," it is not enough to release Petitioner back on supervision

pending his deportation to Vietnam in the reasonably foreseeable future. *See* Opp. at 9–10. However, courts "have found that when ICE fails to follow its own regulations in revoking release, the detention is unlawful, and the petitioner's release must be ordered." *Truong v. Noem*, No. 25-cv-2597-JES-MMP, 2025 WL 2988357, at *6 (S.D. Cal. Oct. 22, 2025) (collecting cases). This is so even when, unlike here, the Government has obtained a petitioner's travel document back to his or her country of origin after their re-detainment. *See id*. at *1–6 (granting habeas and releasing the petitioner with a deportation order back on supervision when the respondents failed to comply with § 241.13(i) and § 241.4(l) despite later securing travel documents for his country of origin); *Tran*, 2025 WL 3005347, at *1–4 (same).

Because Respondents failed to comply with § 241.13(i) and § 241.4(l) when they revoked Petitioner's supervised release, issuing a writ to reinstate that release is warranted. This will be "without prejudice" to the remedies that Respondents may otherwise have, namely their readiness to deport Petitioner to Vietnam in the future. *See Tran*, 2025 WL 3005347, at *3. "Respondents may exercise their discretion to allow him to say goodbye to his family, settle his affairs, and report for his removal." *See id*.

### III. CONCLUSION

Accordingly, the Court **GRANTS** the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and **DENIES AS MOOT** the Motion for TRO. The Government shall immediately release Petitioner from custody on the February 25, 2025 re-detention. Petitioner shall comply with all conditions that were in effect before his February 25, 2025 re-detention. By **December 15, 2025**, at **10:00 a.m.**, the parties must also file a joint status report to confirm that Petitioner has been released, after which the Clerk will close the case.

**IT IS SO ORDERED.**

Dated: December 12, 2025

Honorable Linda Lopez
United States District Judge